UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Ben & Jerry's Franchising, Inc., et al.<br><br>        Plaintiffs,<br><br>    v.<br><br>Mehrdad Porghavami, et al.<br><br>        Defendants.<br>_____ | CV 07-2599-LEW-KJM<br><br>**ORDER** |

Currently before this Court is Cross-Defendant Ben & Jerry's of California, Inc.'s Motion to Dismiss Cross-Complainant's Complaint Pursuant to Rule 12(b)(1).  Having considered all papers and arguments, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

///

1

As a preliminary matter, the Court treats the Motion to Dismiss Cross-Complainant's Complaint Pursuant to Rule 12(b)(1) as a motion to stay and to compel arbitration. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 653 (9th Cir. 1991) (a valid arbitration agreement "does not oust the court's jurisdiction of the action, though the parties have agreed to arbitrate."); see also SEIU, Local 707 v. Connex-ATC, 181 L.R.R.M. 2044, *6 (N.D. Cal. 2006) (construing motion to dismiss for lack of subject matter jurisdiction as motion to compel arbitration).

A party cannot avoid arbitration after having agreed to arbitrate merely by asserting violation of a federal law, unless Congress has evinced an intention to preclude arbitration in the specific federal law asserted. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991).

The federal laws that Porghavami cites do not preclude arbitration.

In addition, state laws cannot preclude arbitration because of the Supremacy Clause. Southland Corp. v. Keating, 465 U.S. 1, 15 (1984) ("In creating a substantive rule [i.e. Federal Arbitration Act] applicable in state as well as federal courts, Congress

intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements.").

In addition, Porghavami's argument regarding enforceability of the contracts is irrelevant because Porghavami's allegations of Ben & Jerry's of California, Inc.'s ("BJCA") misrepresentations are regarding the contract as a whole, and not as to the arbitration clause.

It is well settled that there is a "separate enforceability of arbitration provisions," and that "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator."  <u>Buckeye Check Cashing, Inc. v. Cardegna</u>, 546 U.S. 440, 449 (2006).

Porghavami's claims against BJCA arises from two asset purchase agreements between the parties.  Both agreements had an arbitration clause stating that the "parties agree that any and all disputes arising under or relating to this Agreement shall be submitted to binding arbitration . . ."

Therefore, a valid agreement to arbitrate exists, and the agreement encompasses the dispute between the parties.

In summary, to the extent that BJCA seeks to dismiss Cross-Complainant's Complaint pursuant to Rule 12(b)(1), the Motion is **DENIED**.

The Court construes BJCA's Motion to Dismiss as a motion to stay the action and compel arbitration.

To the extent that BJCA seeks to compel arbitration, the motion is **GRANTED** as to BJCA, and the action as to BJCA is **STAYED** pending arbitration.

**IT IS SO ORDERED.**

*Ronald S.W. Lew*

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

DATED: March 13, 2008

4