JOHN F. DOYLE – BAR NO. 142447
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax:  (408) 287-2583

Attorneys for Cross-Defendant
WONDER ICE CREAM LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN & JERRY'S FRANCHISING, INC., a Vermont corporation, and BEN & JERRY'S HOMEMADE INC., a Vermont corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>MEHRDAD PORGHAVAMI, et al.,<br><br>    Defendants. | No. 2:07-CV-2599-JAM-KJM<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| MEHRDAD PORGHAVAMI, et al.,<br><br>   Cross-Complainant,<br><br>v.<br><br>BEN & JERRY'S FRANCHISING INC., a Vermont corporation, and BEN & JERRY'S HOMEMADE INC., a Vermont corporation, and BEN & JERRY'S  OF CALIFORNIA INC., a California corporation, and WONDER ICE CREAM LLC.<br><br>    Cross-Defendants. | |

In response to the Request for Production of Documents and Special Interrogatories propounded by Cross-Complainant Mehrdad Porghavami on February 11, 2008, Cross-Defendant Wonder Ice Cream LLC will produce certain documents (the "Wonder

-1-

Documents") that contain certain confidential business information relating to its ice cream distribution business, as well as confidential business information of third parties not involved in this lawsuit. The Wonder Documents are bates stamped WO165 through WO7682. The Parties to this Stipulated Protective Order acknowledge that the unrestricted production of the Wonder Documents and/or the confidential business information contained therein could cause injury or damage to the disclosing party and/or third parties. The Parties intend that this information be kept confidential and not be used for any purpose other than in this Action.

Although this Stipulated Protective Order was created in response to production of the Wonder Documents, the Parties intend that this Stipulated Protective Order also will govern the disclosure of any future confidential material.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between and among the Parties, through their attorneys, including any party acting in propria persona, that:

1. The term "Parties" as used in this document shall mean Cross-Complainants Mehrdad Porghavami and MPA Group, Inc. (collectively "Porghavami"), Cross-Defendant Wonder Ice Cream LLC ("Wonder") and Plaintiffs and Cross-Defendants Ben & Jerry's Franchising, Inc., Ben & Jerry's Homemade, Inc. and Cross-Defendants Ben & Jerry's of California, Inc. (collectively "Ben & Jerry's"), who are parties to the litigation.

2. The term "Action" as used herein shall mean *Ben & Jerry's Franchising, Inc., et al. v. Porghavami, et al.*, case No. 2:07-CV-2599-LEW-KJM, and related cross-action, in the United States District Court for the Eastern District of California.

3. Mehrdad Porghavami is acting in propria persona in this Action, and that any reference to "Attorney", "Attorneys" or "Counsel" used herein shall apply with full force and effect to Porghavami as a pro per litigant.

4. Should Porghavami or MPA Group, Inc., retain an attorney in this Action,

PDF created with pdfFactory trial version www.pdffactory.com

    this agreement shall apply with full force and effect to that attorney.

5. The term "Protected Documents" means the Wonder Documents, trade secrets and third-party information and any other documents designated as "Confidential" pursuant to the terms of this Confidentiality and Protective Order.

6. The Protected Documents and information contained in them shall be used solely for the purpose of the Action, and shall not be made available to persons other than Qualified Persons (as defined in Paragraph 7) or the Party who produced the information.

7. "Qualified Person" as used herein means: (a) in-house counsel of a Party having responsibility for or working on the Action, or (b) outside counsel employed by a Party, or an employee of such counsel to whom it is necessary that the material be shown for purposes of the Action, or (c) non-attorneys retained by a Party's attorneys of record to assist in the Action, such as independent accountants, expert witnesses, consultants or other technical experts, or (d) members of the jury, or (e) court reporters actually involved in transcribing depositions and proceedings in the Action.

    In the event that any Qualified Person to whom Protected Documents and information contained in them is produced ceases to engage in the preparation for trial or other court proceedings in the Action, access by such Qualified Person to such documents and information shall be terminated. The provisions of this Protective Order shall remain in full force and effect as to any Qualified Person in any subsequent employment.

8. All Protected Documents exchanged between counsel or produced to any party or individual pursuant to discovery shall be designated by the producing party as "Confidential" by marking them as such on the document or the first page of the discovery response.

9. (a)    Should the Party receiving documents or information designated as

STIPULATED PROTECTIVE ORDER
\\HFJAFS\NDrive\79374\Ple\331332_2.doc

PDF created with pdfFactory trial version www.pdffactory.com

"Confidential" object to such designation, such Party may apply to the Court to classify the designated documents or information otherwise; provided, however, that any documents or information, the designation of which is subject to dispute, shall be treated as "Confidential" subject to this Protective Order pending further order of the Court.

(b)     Should any Party receiving documents or information that have not been designated as "Confidential" believe that such documents or information should be subject to the terms of this Protective Order, and should the producing party not agree to treat said documents or information pursuant to the terms of this Protective Order, the Party asserting that the documents or information should be designated as confidential may apply to the Court for an order designating such documents or information as confidential.  From the time that a request for confidential designation is made until the matter is resolved by order of the Court, the Parties shall treat such documents and information as governed by the terms of this Protective Order.

10.  If a Party wishes to disclose the Protected Documents and/or the information contained therein to any Qualified Person who has not signed this Protective Order, prior to disclosing such information or documents counsel shall show a copy of this Protective Order to such individual and shall obtain his or her agreement to be bound by this Protective Order by obtaining his or her signature on a non-disclosure agreement in the form attached hereto as Exhibit A.  If any Qualified Person refuses to sign such non-disclosure agreement and be bound by this Protective Order, disclosure of Protected Documents or information to that individual shall not be permitted without further Order of the Court or agreement between the parties.

11.  At the conclusion of the Action, any originals or reproductions of any Protected Documents shall be returned to Wonder upon request.

STIPULATED PROTECTIVE ORDER
\\HFJAFS\NDrive\79374\Ple\331332_2.doc
PDF created with pdfFactory trial version www.pdffactory.com

12. Nothing in this Protective Order shall prohibit a Party from seeking additional, modified or further protection of confidential information during or before the trial in the Action by stipulation among all the Parties, approved by the Court.

13. This Protective Order and the agreements embodied herein shall survive the termination of the Action and continue in full force and/or effect thereafter.

14. Nothing herein shall be deemed to preclude any Party to this agreement from objecting to any discovery requested in the Action on any proper ground or withholding production on any proper ground, or from applying to the Court for a modification of this Protective Order, or for additional protection for specific materials or information sought during the course of discovery in the Action.

15. The parties stipulate and agree that good cause exists for this Confidentiality Agreement and Protective Order.

PDF created with pdfFactory trial version www.pdffactory.com

Dated:            , 2008

                              Mehrdad Porghavami
                              MPA Group, Inc.
                              In propria persona

Dated:            , 2008

                              John F. Doyle
                              Hoge, Fenton, Jones & Appel, Inc.
                              Attorneys for Wonder Ice Cream LLC

Dated:            , 2008

                              Jean M. Hobler
                              Barry M. Heller
                              John J. Dwyer
                              Attorneys for Ben & Jerry's Inc.,
                              Ben & Jerry's Franchising, Inc.,
                              Ben & Jerry's Homemade Inc.,
                              Ben & Jerry's of California Inc.

IT IS SO ORDERED.

DATED: August 19, 2008

                              /s/ John A. Mendez
                              HON. JOHN A. MENDEZ
                              UNITED STATES DISTRICT JUDGE