IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN & JERRY'S FRANCHISING, INC., et al. | No. 2:07-cv-02599 JAM KJM |
| Plaintiffs, | ORDER GRANTING LEAVE TO AMEND SECOND AFFIRMATIVE DEFENSE |
| v. | |
| MPA GROUP, INC. and MEHRDAD PORGHAVAMI, | |
| Defendants. | |
| MEHRDAD PORGHAVAMI, et al. | |
| Cross-Complainants, | |
| v. | |
| BEN & JERRY'S FRANCHISING, INC., BEN & JERRY'S HOMEMADE, INC., BEN & JERRY'S OF CALIFORNIA, INC., and WONDER ICE CREAM, LLC, | |
| Cross-Defendants. | |

Ben & Jerry's Franchising, Inc. and Ben & Jerry's Homemade, Inc. (collectively, "Ben & Jerry's) brought this action against MPA Group, Inc. and Mehrdad Porghavami for breach of franchise agreements.  Subsequently, MPA Group, Inc. and Mehrdad

1

Porghavami (collectively, "Cross-Complainants") filed a "Cross-Complaint"[1] against Ben & Jerry's, Ben & Jerry's of California, Inc., and Wonder Ice Cream, LLC.  Cross-Complainants amended their Cross-Complaint several times.  Ben & Jerry's, in answering Cross-Complainants' Second Amended Cross-Complaint, included fourteen affirmative defenses.  Ben & Jerry's now seeks leave to amend one of its affirmative defenses.  Cross-Complainants oppose the Motion.  For the reasons stated below, Ben & Jerry's Motion is GRANTED.[2]

BACKGROUND

Cross-Complainants entered into three separate franchise agreements with Ben & Jerry's to open Scoop Shops in Roseville, Concord, and Sacramento, California.  Among other claims in their Cross-Complaint, Cross-Complainants allege that Ben & Jerry's provided "Underweight Tubs of Ice Cream, Frozen Yogurts and Sorbets" to the Roseville and Sacramento Scoop Shops from

---

[1] Although designated a "Cross-Complaint," Porghavami and MPA's pleading is actually a counterclaim. See Fed. R. Civ. P. 13.  For the purposes of convenience only, it will be referred to as a "Cross-Complaint" in this Order.  However, the parties are ordered to refer to this pleading as a counterclaim from this point forward.  Furthermore, a counterclaims is not separate pleadings and should part of a responsive pleading. See Fed. R. Civ. P. 7.  For convenience, the Court will treat the Cross-Complaint as an amendment to Cross-Complainants Answer.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2004 until the closing of those Scoop Shops on November 1, 2006 and to the Concord Scoop Shop from 2004 through its closing on August 30, 2008.  Second Amended Cross-Complaint ¶¶ 2, 82, 102, 132, 149, 180, 196.  Docket at 73.  In its answer to the Second Amended Cross-Complaint, Ben & Jerry's included as affirmative defenses that Cross-Complainants' claims are or may be barred by Cross-Complainants' own conduct and by laches, waiver, and estoppel.  Answer to Second Amended Cross-Complaint, Aff. Defs. 2, 7, Docket at 75.

After conducting discovery, Ben & Jerry's learned that Cross-Complainants had received checks for underfilled tubs for the summer of 2005.  Ben & Jerry's now seeks to amend its Second Affirmative Defense to read:

> 2.  The claims in the Cross-Complaint are or may be barred by Cross-Complainants' own conduct, in particular, his (and actually MPA Group's) failure to pay Wonder for products purchased *and his (and actually MPA Group's) acceptance of the checks for underfilled tubs for the summer of 2005 (and accord and satisfaction)*;

Ben & Jerry's Proposed Answer to Second Amended Cmplt., Docket at 136, Ex. 1 (proposed amendment in italics).

## OPINION

After a responsive pleading has been served, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given

3

when justice so requires.'  But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).  "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986).  The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading.  See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999).

 Of these factors, "prejudice to the opposing party is the most important factor."  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).  The decision to grant or deny a request for leave to amend rests within the discretion of the trial court.  International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985).  "The party opposing the motion for leave to amend bears the burden of demonstrating that a 'substantial reason exists to deny leave to amend.'"  State of Cal. ex rel. Mueller v. Walgreen Corp., 175 F.R.D. 631, 637 (N.D. Cal. 1997).

Cross-Complainants have not met their burden of demonstrating that substantial reason exists for the Court to deny leave to amend Ben & Jerry's affirmative defenses. Cross-Complainants argue that because the check only compensated them for the summer of 2005 and not the entire period during which they allege they received underfilled tubs, the affirmative defense is futile. However, the amendment is not futile because, although it fails to provide a defense for the entire claim, it provides a defense for a portion of the claim, the summer of 2005. Amendment of the affirmative defenses would not be futile.

Cross-Clamaints also argue that they will suffer prejudice because they might need to reopen discovery. However, because Cross-Claimants, being the recipients, had full knowledge of the check since 2005, it is unlikely that they would be prejudiced by allowing Ben & Jerry's to amend its affirmative defense. In fact, Cross-Complainants conducted discovery related to reimbursement of underfilled tubs. Mot. to Amend, Docket at 135, Ex. B ("Interrogatory No. 12: Identify each and every instance that refund was made to franchises as the result of Tubs

//

//

//

5

underweight…."). Therefore, Cross-Claimants have not shown that they would be prejudiced by allowing Ben & Jerry's to amend its affirmative defenses.

## ORDER

For the reasons stated above, Ben & Jerry's Motion to Amend is GRANTED. The First Amended Reply to Second Amended Cross-Complaint, Docket at 136 Ex. 1, is hereby deemed filed.

IT IS SO ORDERED.

Dated: August 24, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE