IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN & JERRY'S FRANCHISING, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MPA GROUP, INC. and MEHRDAD PORGHAVAMI, <br><br> Defendants. <br> ――――――――――――――――――――/ <br> MEHRDAD PORGHAVAMI, et al., <br> Cross-Complainants, <br><br> v. <br><br> BEN & JERRY'S FRANCHISING INC., BEN & JERRY'S HOMEMADE INC., BEN & JERRY'S OF CALIFORNIA, INC. and WONDER ICE CREAM, LLC, <br><br> Cross-Defendants. <br> ―――――――――――――――――――― | No. 2:07-cv-02599 JAM KJM <br><br> <u>ORDER GRANTING MOTION TO STRIKE DEMAND FOR JURY TRIAL</u> |

    This matter comes before the Court on Ben & Jerry's Franchising Inc. and Ben & Jerry's Homemade Inc. (collectively "Ben & Jerry's") Motion to Strike Mehrdad Porghavami's ("Porghavami's") Demand for Jury Trial. Porghavami opposes the

1

motion. For the reasons set forth below, Ben and Jerry's Motion is GRANTED with respect to claims against it.[1]

BACKGROUND

On or about October 31, 2002, December 18, 2003, and August 29, 2005, Ben & Jerry's, Ben & Jerry's of California ("BJCA"), and Wonder Ice Cream, LLC entered into three separate franchise agreements with MPA Group, Inc. and Porghavami, each for the operation of a Ben & Jerry's Scoop Shop (hereinafter "the Franchise Agreements"). The Franchise Agreements contained the exact same jury waiver clause: "Ben & Jerry's and MPA irrevocably waive trial by jury in any action, proceeding or counterclaim, whether at law or in equity, brought by either of them against the other."  See Mtn. to Strike, Exs. A-C, Docket at 132.  Ben & Jerry's subsequently brought action against Defendants for, *inter alia*, breach of the franchise agreements. On October 2, 2008, Defendant Mehrdad Porghavami filed a Second Amended Cross-Complaint against Ben & Jerry's for Damages, Declaratory Relief and Demand for Jury Trial.  Docket at 73.  On June 29, 2009 Ben & Jerry's filed a Motion to Strike Porghavami's demand for a jury trial on the grounds that it was

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

prohibited by the jury waiver clauses in the franchise agreements.

## OPINION

The right to a jury trial in a civil case is a fundamental right expressly protected by the Seventh Amendment to the United States Constitution. Aetna, Inc. v. Kennedy, 301 U.S. 389, 393(1937); see also Simler v. Conner, 372 U.S. 221 (1963). However, "While the right to [a] civil jury trial is fundamental... it may be waived by a contract knowingly and voluntarily executed." Okura & Co. v. Careau Group, 783 F.Supp. 482 (C.D. Cal. 1991); see also Brookhart v. Janis, 384 U.S. 1 (1966) (holding that "to be valid, a jury waiver must be made knowingly and voluntarily based on the facts of the case"); accord Palmer v. Valdez, 560 F.3d 965, 968 (9th Cir. 2009).

Here, Porghavami knowingly and voluntarily executed three separate franchise agreements, each containing the exact same jury waiver clause. Decl. of John J. Dwyer, Ex. 4 at 42:9-22; 49:24-51:1. In each agreement, the jury waiver clause was written in the same size font, using the same clear, standard language and appeared in generally the same place in each of the three agreements. There is no evidence that the jury waiver clauses were latent, masked, buried or written in small-type font.

Porghavami, the prior owner of two California businesses, had at least a month between the times he received each agreement to the times each agreement was signed, providing him sufficient time to read over the Franchise Agreements and raise any outstanding questions.  Porghavami testified that he did not feel that it was necessary to have a lawyer review the materials because he had read the Franchise Agreements, thought it was "pretty much straight forward" and there was nothing in the Franchise Agreements that he did not understand.  Decl. of John J. Dwyer, Ex. 4, 42:15-43:5.  Porghavami also specifically testified that he understood what waiver of jury trial clause meant.  Decl. of John J. Dwyer, Ex. 4, 49:16-23.  These facts support a finding that Porghavami knowingly and voluntarily contracted to waive his right to a jury trial.

Porghavami also argues that because he did not sign an agreement waiving right to a jury trial with Wonder Ice Cream, LLC, his jury trial demand should not be stricken.  However, Ben

//

//

//

//

//

4

and Jerry's brought this Motion separately.  Accordingly, an order striking the jury demand only applies to claims made against Ben & Jerry's.

ORDER

For the reasons stated above, Ben & Jerry's Motion to Strike Porghavami's demand for jury trial is GRANTED with respect to claims against Ben & Jerry's.

IT IS SO ORDERED.

Dated: August 25, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE